D. Maimon Kirschenbaum
JOSEPH & KIRSCHENBAUM LLP
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640
(212) 981-9587 (fax)

*Attorneys for Named Plaintiff, proposed FLSA Collective Plaintiff, and proposed Class*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
JOSE RESTREPO, on behalf of himself and
others similarly situated,

        Plaintiff,

  v.

MONTE'S TRATTORIA, LTD., PETER
MOSCONI, and PEDRO MOSCONI,

        Defendants.
--------------------------------------------------------x

COMPLAINT

FLSA COLLECTIVE ACTION AND RULE 23 CLASS ACTION

DEMAND FOR JURY TRIAL

Plaintiff, on behalf of himself and all others similarly situated, alleges as follows:

## JURISDICTION AND VENUE

1. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue is proper in this District because Defendant conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

1

**THE PARTIES**

3. Defendant Monte's Trattoria, Ltd. is a New York for-profit Corporation that owns and operates Monte's Trattoria ("Monte's") restaurant in downtown Manhattan.

4. Defendant Peter Mosconi is an owner and manager of Monte's. He is regularly present at the restaurant to manage its day-to-day affairs. He has and exercises authority to hire/fire employees, discipline employees, make scheduling decisions, and control employees' pay. He in fact hired Plaintiff, made Plaintiff's schedule, and terminated Plaintiff by removing him from the schedule.

5. Defendant Pedro Mosconi is an owner and executive chef of Monte's. He is regularly present at the restaurant to assist his son Peter Mosconi with the restaurant's day-to-day affairs. He has ultimate authority to hire/fire employees, discipline employees, make scheduling decisions, and control employees' pay. While present at the restaurant he supervises employees and instructs service employees with respect to their work.

6. Plaintiff Jose Restrepo was employed by Defendants as a busser/runner from late 2021 to March 2024.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

7. Plaintiff brings the First and Second Claims for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all tipped employees employed by Defendants on or after the date that is three years before the filing of the Original Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

8. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs,

practices, procedures, protocols, routines, and rules of willfully retaining their tips and failing to pay the overtime. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

9. The First and Second Claims for Relief is properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail, email, and text message to the last address, email address, and phone number known to Defendants.

## **RULE 23 CLASS ALLEGATIONS – NEW YORK**

10. Plaintiff bring the state law wage and hour Claims for Relief (Third, Fourth, Fifth, Sixth, and Seventh Claims for Relief) pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all tipped employees employed by Defendants at Monte's on or after the date that is six years before the filing of the Original Complaint in this case as defined herein (the "Class Period").

11. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said F.R.C.P. 23.

12. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court. Although the precise

3

number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are more than fifty (50) members of the Class.

13. Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage, overtime and spread of hours compensation, and illegally retaining tips. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

14. Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented Plaintiff in wage and hour cases.

15. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate Defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual

litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

16. Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

17. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a) Whether Defendants employed Plaintiff and the Class members within the meaning of New York law.

    b) At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiff and the Class members for their work.

c) Whether Defendants paid Plaintiff and the Class members the minimum wage for all hours worked.

d) Whether Defendants illegally retained portions of Plaintiff's tips and the Class members' tips.

e) Whether Defendants illegally distributed Plaintiff's and the Class members' tips to Defendants' agents and/or non-service employees

f) Whether Defendants paid employees New York's "spread of hours" premium when their workdays exceeded 10 hours.

g) Whether Defendants provided Plaintiff and Class members with the proper wage notices/statements.

h) Whether Defendants paid Plaintiff and Class members overtime for weeks in which they worked more than 40 hours.

## FACTS

18. Plaintiff's Consent to Sue form is attached as Exhibit A.

19. Defendants committed the following alleged acts knowingly, intentionally and willfully.

20. Defendants knew that the nonpayment of minimum wage, spread of hours pay, and other compensation would economically injure Plaintiff, the FLSA Collective Plaintiff, and members of the Class and violate federal and state laws.

21. Plaintiff worked for Defendants as a busser/runner.

22. Plaintiff and all other front of the house employees were paid pursuant to New York's tip credit minimum wage, which is lower than the full minimum wage. For example, in 2023, the foodservice NY minimum wage was $10, and the full NY minimum wage was $15.

23. Defendants were not entitled to pay Plaintiff and all other front of the house employees less than the full minimum wage because Defendants did not give them proper written notice of the minimum wage.

24. In fact, Defendants did not give Plaintiff and other front of hours employees notice and acknowledgement of pay rate forms upon the commencement of their employment. As a result of Defendants' failure to provide the written wage notice required by N.Y. Lab. L. § 195(1), Defendants' use of the tip credit was an underpayment of wages.

25. In addition, Defendants did not pay Plaintiff for all hours worked.

26. Plaintiff's typical work schedule exceeded 40 hours per week. Plaintiff worked three weekdays from about 4:00 p.m. until past midnight, and Fridays and Saturdays from about 11:00 a.m. until past 1:00 a.m.

27. However, Defendants paid Plaintiff for less than 40 hours per week, which was far less than the actual time Plaintiff worked.

28. Defendants did not pay Plaintiff New York's "spread of hours" premium when his workday lasted longer than 10 hours.

29. Defendant Peter Mosconi illegally took part in the restaurant's cash tip pool on nights that he worked the bar.

30. Defendants gave Plaintiff wage statements that included far less time than what Plaintiff actually worked. As a result, Plaintiff was paid for the incorrect amount of hours stated on the wage statements, not the actual hours he worked.

31. Defendants committed the foregoing acts against Plaintiff, the FLSA Collective Members, and the Class.

## FIRST CLAIM FOR RELIEF
**(FLSA Illegal Deductions from Gratuities, 29 U.S.C. § 201, *et seq.*
Brought by Plaintiff on Behalf of Himself
and the FLSA Collective Plaintiffs)**

32. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

33. At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203.

34. At all relevant times, Defendants have employed, "employee[s]," including Plaintiff and each of the FLSA Collective Plaintiffs.

35. Throughout the statute of limitations period covered by these claims, Defendants knowingly retained/misappropriated gratuities belonging to Plaintiff and the FLSA Collective Plaintiffs.

36. Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, seek damages in the amount of their respective unpaid gratuities, liquidated damages for misappropriated and late paid gratuities as provided by the FLSA, attorneys' fees and costs, post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
**(FLSA Overtime Violations, 29 U.S.C. §§ 201 *et seq.*)
(Brought by Plaintiff on behalf of himself
and the FLSA Collective Plaintiffs)**

37. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

38. Throughout the statute of limitations period covered by these claims, Plaintiff and the FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per workweek.

39. At all relevant times, Defendants had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay Plaintiff and the FLSA Collective Plaintiffs at one and one half times the greater of their regular rate or the full federal minimum wage for work in excess of forty (40) hours per workweek and willfully failing to keep records required by the FLSA and relevant regulations even though the Plaintiffs and the FLSA Collective Plaintiffs were entitled to overtime.

40. Plaintiff, on behalf of himself the FLSA Collective Plaintiffs, seeks damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, and attorneys' fees and costs.

### THIRD CLAIM FOR RELIEF
**(New York State Minimum Wage Act, New York Labor Law § 650 et seq.;
N.Y. Comp. Codes R. & Regs. tit. 12, §§ 146-1.3, 146-2.9)
(Brought By Plaintiff on Behalf of Himself and the Class)**

41. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

42. Defendants knowingly failed to pay Plaintiff and the Class members the full New York State minimum wage for all hours worked.

43. As a result of Defendants' unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

**FOURTH CLAIM FOR RELIEF**
(New York State Overtime Violations, N.Y. Lab. L. §§ 650 *et seq.*
N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.4)
(Brought by Plaintiffs on Behalf of Himself
and the Class)

44.     Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

45.     It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

46.     Defendants willfully, regularly and repeatedly failed to pay Plaintiff and the Class members at the required overtime rate of one-and-one-half times the full New York minimum wage for hours worked in excess of forty (40) hours per workweek.

47.     As a result of Defendants' willful and unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

**FIFTH CLAIM FOR RELIEF**
(New York Spread of Hours Provisions, N.Y. Lab. L. §§ 650 *et seq.*
N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.6)
(Brought by Plaintiff on Behalf of Himself and the Class)

48.     Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

49.     Plaintiff and the Class Members regularly had workdays that lasted more than ten (10) hours.

50.     Defendants willfully and intentionally failed to compensate Plaintiff and Class Members one hour's pay at the basic New York minimum hourly wage rate when their workdays exceeded ten (10) hours, as required by New York law.

51. As a result of Defendants' willful and unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

### SIXTH CLAIM FOR RELIEF
**(Illegal Deductions from Gratuities, N.Y. Lab. L. §§ 193, 196-d and 198-b)**
**(Brought By Plaintiff on Behalf of Himself and the Class)**

52. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

53. Defendants willfully diverted and/or retained portions of Plaintiff's and Class Members' tips.

54. As a result of Defendants' willful and unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

### SEVENTH CLAIM FOR RELIEF
**(New York Notice Requirements, N.Y. Lab. L. §§ 195, 198)**
**(Brought By Plaintiff on Behalf of Himself and the Class)**

55. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

56. Defendant did not provide Plaintiff and members of the Class with the wage notices/statements required by N.Y. Lab. Law §§ 195(1) and 195(3).

57. As a result of Defendants' willful and unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs and

members of the Class, prays for relief as follows:

    A.    Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

    B.    Designation of Plaintiff as Representative of the FLSA Collective;

    C.    Designation of this action as a class action pursuant to F.R.C.P. 23.

    D.    Designation of Plaintiff as Representative of the Class.

    E.    An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

    F.    Penalties available under applicable laws;

    G.    Costs of action incurred herein, including expert fees;

    H.    Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. § 663 and other applicable statutes;

    I.    Pre-judgment and post-judgment interest, as provided by law; and

    J.    Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: New York, New York      Respectfully submitted,
       June 11, 2024

JOSEPH & KIRSCHENBAUM LLP

By: */s/ D. Maimon Kirschenbaum*
    D. Maimon Kirschenbaum
    32 Broadway, Suite 601
    New York, NY 10004
    Tel: (212) 688-5640
    Fax: (212) 981-9587

*Attorneys for Named Plaintiff, proposed FLSA Collective Plaintiffs, and proposed Class*

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which he has a right to jury trial.