UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JOSE RESTREPO, on behalf of himself and others similarly situated,

                          Plaintiff,

-v-

MONTE'S TRATTORIA, LTD. et al.,

                          Defendants.
------------------------------------------------------------------X

24-CV-4482 (JAV)

MEMORANDUM OPINION AND ORDER

JEANNETTE A. VARGAS, United States District Judge:

Plaintiff brings this action (the "Wage Action") under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* (the "FLSA"), and the New York Labor Law ("NYLL"). Plaintiff has made an application to (1) preliminarily approve the settlement of the claims alleged in the Wage Action, in accordance with a Settlement Agreement and Release dated November 25, 2024, ECF No. 22, Ex. 1 (the "Agreement"); (2) conditionally certify the settlement class under Federal Rule of Civil Procedure 23(b)(3) and 29 U.S.C. § 216(b); (3) appoint Joseph & Kirschenbaum LLP as class counsel; and (4) approve the Notice of Proposed Class Action Lawsuit Settlement and Fairness Hearing (the "Notice"). ECF No. 21 ("Pl. Mem.").

      **A. Conditional Certification of Settlement Class**

Having reviewed Plaintiff's motion papers, the Declaration of Denise A. Schulman dated November 27, 2024, and all exhibits attached thereto (ECF No. 22) ("Schulman Decl."), and based upon all prior proceedings, the Court hereby GRANTS the motion to conditionally certify the proposed class under Fed. R. Civ. P. 23(b)(3) and 29 U.S.C. § 216(b) for purposes of settlement only. "Plaintiffs seeking certification of a Rule 23(b)(3) damages class action must first establish

numerosity, commonality, typicality, and adequacy of representation, and then predominance of common questions of law or fact and the superiority of a class action over other procedures." *Scott v. Chipotle Mexican Grill, Inc.*, 954 F.3d 502, 512 (2d Cir. 2020) (citing Fed. R. Civ. P. 23(a), (b)(3)); *see also Denney v. Deutsche Bank AG*, 443 F.3d 253, 270 (2d Cir. 2006) (holding that, to conditionally certify a class for settlement purposes, court must ensure that the requirements of Rule 23(a) and (b) are met). Here, Plaintiff has demonstrated that the settlement class meets each of these requirements.

The Class is defined as all workers who were employed as servers, runners, bussers, and bartenders at Monte's Trattoria between June 11, 2018, and October 7, 2024. (Agreement ¶¶ 1.8, 1.10, 1.17). Although the putative class contains only thirty members, Schulman Decl., ¶ 23, the Court considers several factors when deciding whether the Fed. R. Civ. P. 23(a) numerosity requirement is met, including "judicial economy arising from the avoidance of a multiplicity of actions, geographic dispersion of class members, financial resources of class members, [and] the ability of claimants to institute individual suits." *Robidoux v. Celani*, 987 F.2d 931, 936 (2d Cir. 1993). Moreover, several Courts in this District have found class sizes of less than forty members still fulfill the numerosity requirement in wage and hour suits. *See, e.g.*, *Martinenko v. 212 Steakhouse, Inc.*, 2024 WL 4275286, at *4 (S.D.N.Y. Sept. 24, 2024) (finding that twenty-four class members satisfies numerosity); *Balverde v. Lunella Ristorante, Inc.*, 2017 WL 1954934, at *5-6 (S.D.N.Y. May 10, 2017) (finding that thirty-eight members satisfies numerosity). Accordingly, the Court finds that the putative class size of 30 here satisfies Rule 23's numerosity requirement.

"'In wage cases, the commonality requirement is usually satisfied where the plaintiffs allege that defendants had a common policy or practice of unlawful labor practices.'" *Zivkovic v.*

*Laura Christy LLC*, 329 F.R.D. 61, 69 (S.D.N.Y. 2018) (citation omitted). Commonality is satisfied here because the Complaint alleges that Defendants had a common policy of practice of unlawful labor practices that would have applied equally to members of the proposed Class, including a failure to pay members of the Class a spread of hours premium, a failure to provide wage notices and statements that complied with the NYLL, and illegally retaining tips. ECF No. 1, ¶¶ 13, 22-31, 35, 39, 42, 46, 50, 53, 56. Accordingly, adjudication of this case would call for the resolution of common factual and legal issues that are "central to the validity" of each Class member's claims. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011).

Typicality is satisfied because "each member's claims arises from the same course of events," specifically the alleged unlawful labor practices of Defendants. *Barrows v. Becerra*, 24 F.4th 116, 131 (2d Cir. 2022) (citation and quotation marks omitted). And Plaintiff has fairly and adequately represented the class and has no known conflict with the other class members.

Additionally, Plaintiffs have demonstrated that class-wide issues predominate over individual issues. All the members of the Class were subject to the same wage and hour policies and practices, such that liability can be determined on a class-wide basis. *Shahriar v. Smith & Wollensky Restaurant Group, Inc.*, 659 F.3d 234, 253 (2d Cir. 2011).

The Court further GRANTS the motion to preliminarily approve the terms of the Agreement as it pertains to members of the Class as being fair, just, reasonable and in the best interests of the Class. To preliminarily approve a proposed settlement under Fed. R. Civ. P. 23(e)(2), the Court must consider: "(1) adequacy of representation, (2) existence of arm's-length negotiations, (3) adequacy of relief, and (4) equitableness of treatment of class members." *In re GSE Bonds Antitrust Litig.*, 414 F. Supp. 3d 686, 692 (S.D.N.Y. 2019) (citing Fed. R. Civ. P. 23(e)(2)). The Court also evaluates the fairness of a proposed class action settlement agreement

by reference to the factors set forth in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974), but recognizes the "substantial overlap" between the nine *Grinnell* factors and the Rule 23(e)(2) factors. *Moses v. N.Y. Times Co.*, 79 F.4th 235, 253-56 (2d Cir. 2023). After conducting a holistic evaluation of each of the Rule 23(e)(2) factors, the Court finds that these factors weigh in favor of preliminary approval of the Agreement.

*First*, the Court finds that Plaintiff's counsel, Joseph & Kirschenbaum LLP, adequately represents the Class, seeing as the firm touts a demonstrated record of extensive representation of employees in wage and hour and employment discrimination matters. *See* Schulman Decl., ¶¶ 25-34.

*Second*, Plaintiff represents that the proposed settlement "is the product of a mediation" and that "negotiations were at all times hard-fought and at arm's length" to "produce[] a result that experienced counsel believe to be in the best interests of the Class." Pl. Mem. at 15; Schulman Decl., ¶ 15.

*Third*, in considering whether the relief provided to the class under the terms of the Agreement are adequate, the Court should take into account "(i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; [and] (iii) the terms of any proposed award of attorney's fees, including timing of payment." Fed. R. Civ. P. 23(e)(2)(C). Related to these considerations are a number of the *Grinnell* factors, including the "complexity, expense and likely duration of the litigation"; "the risks of establishing damages"; the "risks of establishing liability"; the "ability of the defendants to withstand a greater judgment"; "the range of reasonableness of the settlement fund in light of the best possible recovery"; and "the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of

4

litigation." *Grinnell*, 495 F.2d at 463.  A review of these factors weighs in favor of a finding that the relief provided under the terms of the Agreement are adequate.

The Court finds that the risk of establishing liability and damages favors approval of the settlement. *See In re Global Crossing Sec. & ERISA Litig.*, 225 F.R.D. 436, 459 (S.D.N.Y. 2004) ("Courts approve settlements where plaintiffs would have faced significant legal and factual obstacles to proving their case.").  Plaintiffs estimate that the maximum possible damages that could be obtained were this case to proceed to trial would be $1.691 million.  Schulman Decl., ¶ 18.  But "the Class faces substantial risks both in establishing liability and in obtaining their maximum possible recovery." *Id.* ¶ 19.  These risks are based on the factual disputes surrounding whether Defendants provided proper notice regarding use of a tip credit, whether Class Members performed work for which they were not compensated, and whether the employees' tips were misappropriated.  *Id.*  Plaintiff's counsel also testifies that the Class faces significant risk in establishing damages because "Defendants do not have complete payroll records for the entire class period, and nor would Defendants' records establish the amount of off the clock time worked by Class Members." *Id.* ¶ 21.  Thus, the Class would need to rely on testimony rather than the documents to establish at least some of the damages, which presents risks for the Class.  Pl. Mem. at 18.  Additionally, the Court notes that, in terms of an ability to withstand a much larger judgment, that Defendant Monte's Trattoria is a small, family-owned restaurant, and that "payment of the settlement amount is a significant financial burden on Defendants."  Schulman Decl., ¶ 22.

Plaintiff's counsel seeks a fee of $166,666.00, which composes one-third of the settlement fund.  Agreement, Ex. A at 2.  Courts in this Circuit typically approve attorneys' fees that range between 30% and 33%.  *See Guzman v. Joesons Auto Parts*, No. 11-CV-4543 (ETB), 2013 WL 2898154, at *4 (E.D.N.Y. June 13, 2013) (collecting cases); *see also, e.g.*, *Silverstein v.*

*AllianceBernstein LP*, No. 09-CV-5904 (JPO), 2013 WL 7122612, at *9 (S.D.N.Y. Dec. 20, 2013); *Beckman v. KeyBank, N.A.*, 293 F.R.D. 467, 481-82 (S.D.N.Y. 2013). In line with that precedent, attorney's fees in the amount of one-third of the recovery would appear to be reasonable.

Plaintiff maintains that "the Settlement provides the significant benefit of a guaranteed and substantial payment to Class Members, rather than speculative payment of a hypothetically larger amount years down the road or, worse, a larger judgment which the Class is unable to collect." Pl. Mem. at 20 (citations and quotation marks omitted). The Court agrees. Thus, the Agreement provides adequate relief for the class.

*Lastly*, the allocation formula of the settlement fund applies to all proposed class members on a formula based upon hours worked, which is fair and equitable in a case that is largely based upon hourly wage violations. *See* Agreement, § 3.4. The proposed Settlement does provide for a $10,000 service award for the Named Plaintiff. *Id.* § 3.3. The Second Circuit has concluded that incentive awards are not prohibited under Rule 23(e)(2)(D), *Moses*, 79 F.4th at 253-56, but that they cannot be "excessive compared to the service provided by the class representative or. . . unfair to the absent class members," *id.* at 245. A $10,000 service award is in range with service awards approved by other courts in this District. *See, e.g.*, *Reyes v. Summit Health Mgmt., LLC*, 2024 WL 472841, at *6 (S.D.N.Y. Feb. 6, 2024) (finding $9,000 is "within the range of service awards regularly approved by courts in this District"); *Santos v. Nuve Miguel Corp.*, 2023 WL 2263207, at *3 (S.D.N.Y. Feb. 28, 2023) (approving a $10,000 service award in an FLSA settlement); *Hezi v. Celsius Holdings, Inc.*, 2023 WL 2786820, at *6 (S.D.N.Y. Apr. 5, 2023) (approving a $10,000 service award). Plaintiff, however, must explain in his motion for final approval the basis for his entitlement to a service award and show that the service award is neither excessive nor unfair to the absent class members. *See Reyes*, 2024 WL 472841, at *6.

6

The Court therefore preliminarily approves the settlement agreement as fair, just and reasonable, and in the best interests of the Class.

The Court notes, however, a concern with Section 4.4 of the Agreement, a term which applies solely to the Named Plaintiff and not to the Class. Section 4.4 contains a non-mutual "General Release of Plaintiff's Claims." General releases running from plaintiffs to defendants (that is, releases extending beyond the wage and hour claims being settled) are "problematic" in FLSA settlements, as "the Court has an obligation to police unequal bargaining power between employees and employers." *Lopez v. Nights of Cabiria*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015); *see also Barsa v. Beacon Health Options, Inc.*, 2020 WL 7240346, at *2 (S.D.N.Y. July 10, 2020) ("[U]nder well-settled precedent in our circuit, the Court cannot approve the broad, one-way general release required from plaintiff."). The Court is unlikely to approve this one-way general release.

The Court further GRANTS the motion to appoint Joseph & Kirschenbaum LLP ("JK") as Class Counsel and Plaintiff Jose Restrepo as Class Representative. Class Counsel has demonstrated extensive experience with wage and hour class actions and is well-qualified to represent the interests of the class. Schulman Decl., ¶¶ 25-34.

The Court also GRANTS the motion to approve, as to form and content, the Settlement Notice and finds that the mailing and distribution of the Settlement Notice substantially in the manner and form set forth in the Agreement constitutes the best notice practicable under the circumstances, and constitutes valid, due and sufficient notice to all persons in the Class, complying fully with the requirements of Fed. R. Civ. P. 23, the Constitution of the United States and any other applicable laws.

The Court hereby sets a deadline of 60 days from the mailing of the Settlement Notice for Class Members to object to the settlement or opt out of the Class.

The Settlement Fairness Hearing shall be held before this Court, on **June 18, 2025**, at **11:30 a.m.** in Courtroom 14C of the Daniel Patrick Moynihan U.S. Courthouse, 500 Pearl Street, New York, NY 10007, to determine whether the proposed settlement of the Wage Action on the terms and conditions provided for in the Agreement is fair, just, reasonable, adequate and in the best interests of the Class, and should be approved by the Court; whether an Order and Final Judgment of Dismissal, as provided in the Agreement, should be entered; and to determine the amount, if any, of attorneys' fees and costs and service awards that should be awarded.

The Court reserves the right to adjourn the date of the Fairness Hearing without further notice to the Class Members and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement. Notice of any adjournment can be obtained from Class Counsel: Joseph & Kirschenbaum LLP, 32 Broadway, Suite 601, New York, NY 10004 (phone: 212-688-5640). The Court may approve the settlement, with such modifications as may be agreed to by the settling parties, if appropriate, without further notice to the Class.

On or before the date that is seven (7) days before the final approval hearing, Class Counsel shall move the Court for final approval of the settlement and submit a memorandum of law in support of the Class Representative's application for attorneys' fees and costs, settlement administration costs, and service awards.

The Clerk of Court is directed to terminate ECF No. 20.

SO ORDERED.

Dated: March 7, 2025  
New York, New York

_____  
JEANNETTE A. VARGAS  
United States District Judge