UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
JOSE RESTREPO, on behalf of himself and
others similarly situated,

       Plaintiff,                       Case No. 24 CV 4482

  v.

MONTE'S TRATTORIA, LTD., PETER
MOSCONI, and PEDRO MOSCONI,

       Defendants.
-------------------------------------------------------x

## DECLARATION OF DENISE A. SCHULMAN

I, Denise A. Schulman, under penalty of perjury, affirm as follows:

1. I am a partner with Joseph & Kirschenbaum LLP ("JK"), Plaintiff's counsel in this action. I submit this declaration in support of Plaintiff's motion for final approval of a class action settlement. I am familiar with the facts and circumstances set forth herein.

2. Attached hereto as **Exhibit 1** is a true and correct copy of the parties' executed settlement agreement.

3. Attached hereto as **Exhibit 2** is the parties' addendum to the settlement agreement.

4. Defendants own and operate Monte's Trattoria, an Italian restaurant located in Greenwich Village.

5. Plaintiff Jose Restrepo worked at Monte's Trattoria as a busser.

6. On June 11, 2024, Plaintiff commenced this action on behalf of himself and a putative class of similarly situated service employees, alleging that Defendants violated the FLSA and/or New York law by (1) not properly compensating employees for overtime hours worked; (2) improperly paying service employees pursuant to a tip credit; (3) failing to pay

1

employees for all hours worked (4) failing to pay employees a spread of hours premium; (5) misappropriating a portion of cash tips; and (6) failing to provide the wage notices and wage statements required under New York law.

7. Plaintiff alleges that Defendants paid all service employees pursuant to a tip credit, and this was unlawful because Defendants never provided written notice of the tip credit to employees.

8. Plaintiff contends that this resulted in the underpayment of both New York minimum wage and New York and FLSA overtime compensation.

9. Plaintiff further alleges that Defendants did not pay service employees for all hours worked, which similarly resulted in both minimum wage and overtime violations.

10. In addition, Plaintiff contends that Defendants did not pay service employees New York's "spread of hours" premium when their workdays lasted longer than 10 hours.

11. Plaintiff also alleges that Defendant Peter Mosconi retained a portion of employees' cash tips, in violation of the FLSA, 29 U.S.C. § 203(m)(2)(B), and N.Y. Lab. L. § 196-d.

12. Finally, Plaintiff maintains that Defendants violated N.Y. Lab. L. § 195(1) by failing to provide wage notices to service employees and N.Y. Lab. L. § 195(3) by failing to include all required information in employees' wage statements.

13. The parties attended a mediation on October 7, 2024, before Defendants answered the complaint, with mediator Martin Scheinman, where the parties agreed to settle this case for $500,000.

14. Prior to mediation, Defendants provided Plaintiff with summary payroll and tip information for all putative class members from 2021 to 2024.

15. This enabled JK to prepare a damages estimate and identify the approximate number of potential class members and evaluate the strengths, weaknesses, and value of the claims.

16. Plaintiff believes this settlement amount is highly favorable to the Class in light of their risks in this litigation.

17. The settlement amount represents a substantial portion of the Class Members' maximum possible recovery.

18. Specifically, Plaintiff estimates that the Class's maximum possible damages are approximately $1.691 million.  Of this, the maximum amount of unpaid tip credit (for regular and overtime hours) is $489,751.28, the maximum amount of unpaid spread of hours compensation is $28,442, and the maximum amount of unpaid regular and overtime pay due for unpaid hours is $204,015.95.  Accordingly, Class Members' maximum out of pocket loss is roughly $722,209.  The remainder of the best possible recovery is liquidated damages equal to the amount of unpaid wages and $246,800 in penalties for N.Y. Lab. L. § 195 violations.

19. Absent a settlement, the Class faces substantial risks both in establishing liability and in obtaining their maximum possible recovery.  For example, there are factual disputes concerning whether Defendants provided the requisite notice to use a tip credit, whether Class Members performed work for which they were not compensated, and if so, how much, and whether Defendants misappropriated a portion of employees' tips.

20. The parties also dispute whether Plaintiff and the Class Members have Article III standing to pursue their N.Y. Lab. L. § 195 claims.

21. The Class would also face risks in establishing damages.  While damages would be calculated largely based on Defendants' documents, Defendants do not have complete

payroll records for the entire class period, and nor would Defendants' records establish the amount of off the clock time worked by Class Members or the amount of cash tips retained by Defendants.

22. While Plaintiff is not fully aware of Defendant's financial condition, the settlement amount is substantial, Monte's Trattoria is a small, family-owned restaurant, and as reflected by the multi-year settlement payment plan, payment of the settlement amount is a significant financial burden on Defendants.

23. There are 30 Class Members.

24. Named Plaintiff Restrepo is an adequate representative of the proposed class, has fairly and adequately represented and protected the interests of all Class Members, and has no known conflicts with Class Members.

## INDIVIDUAL SETTLEMENT AWARDS AND NOTICE PROCESS

25. Before distributing the Court-approved notice of settlement, I calculated each Class Member's estimated individual settlement share, which was included in each Class Member's notice. I calculated the individual settlement shares based on a $315,233.36 Net Settlement Fund ("NSF").

26. According to my calculations, seven Class Members will receive settlement awards ranging from $20,931.68 to 39,665.94, six of whose awards exceed $25,000. Another eight Class Members will receive awards ranging from $5,115.51 to $11,515.98,[1] and ten class members will receive awards between $1,015.87 and $4,026.59. The five Class Members receiving less than $1,000 worked 197 hours or less during the statutory period.

---

[1] Plaintiff Restrepo's individual settlement share, not including any service award, out of a $315,233.36 NSF is $11,036.83.

4

27. Pursuant to the Court's March 7, 2025 Order, on March 17, 2025 JK mailed the Court-approved notice of settlement to all 30 Class Members at their last known addresses, as provided by Defendants, via First Class Mail. A true and correct copy of the notice (without individual Class Member information) is attached hereto as **Exhibit 3**.

28. Three notices were returned to JK as undeliverable. Defendants obtained updated addresses for all three of these Class Members via skip trace, and JK remailed the notices to the addresses provided by Defendants. One of the remailed notices was returned as undeliverable. In addition, one of the Class Members for whom Defendants performed a skip trace subsequently called JK and provided an updated address to which JK remailed the notice.

29. Three additional Class Members contacted JK during the notice period to update their addresses, one of whom had actually received the notice. JK remailed the notice to the two Class Members who updated their addresses and had not already received the notice.

30. The deadline for Class Members to opt out from or object to the settlement was May 16, 2025. No Class Member opted out from or objected to the settlement.

## SERVICE AWARD

31. Plaintiff Restrepo expended considerable time and effort to assist Class Counsel with the case.

32. He initiated this action, remained in regular communication with Class Counsel throughout the litigation, provided documents and important factual information to Class Counsel, and communicated with Class Counsel about the mediation in order to settle the case.

33. Because he was the only Named Plaintiff in the case and there were no Opt-In Plaintiffs, Restrepo provided Class Counsel with all of the factual background used to settle this case, other than the damages information derived from Defendants' records.

### PLAINTIFF'S COUNSEL

34. JK is a law firm dealing almost exclusively with employee rights. Specifically, the firm represents employees in wage/hour and employment discrimination matters, with a specialty in wage and hour actions against hospitality employers.

35. D. Maimon Kirschenbaum manages the firm.

36. Since graduating from Fordham University School of Law in 2005, Mr. Kirschenbaum has worked at JK. As a result of his accomplishments, he became member/partner of the firm in May of 2007.

37. I received my J.D. from New York University School of Law in 2008 and joined JK in January 2009. I was an associate until February 2017, when I became a partner.

38. Throughout my tenure at JK, I have almost exclusively represented employees with wage and hour and discrimination/retaliation claims, on both an individual and class basis.

39. Michael DiGiulio graduated from Vermont Law School in 2014 and joined JK in 2020. Prior to joining JK, Mr. DiGiulio clerked on the United States Court of Appeals for the Second Circuit and practiced as an associate attorney for Super Law Group.

40. Mr. DiGiulio has served with Mr. Kirschenbaum and me as co-lead counsel on cases that have been certified as collective and/or class actions.

41. Mariela Lini joined JK as a paralegal in January 2024. She received her B.A. from John Jay College of Criminal Justice in 2019. Before joining JK, she had nearly five years of experience as a legal assistant/paralegal.

42. Andy Pichardo joined JK as an administrative assistant in December 2023. He received his BA from The City College of New York in June 2023.

43. Andrew Deternoz joined JK as a paralegal in March 2025. He received his B.A. from the University of Houston in 2016 and had approximately 13 months of paralegal experience before joining JK.

44. Mr. Kirschenbaum, Mr. DiGiulio, JK, and I have been approved numerous times as lead or co-lead class counsel (or counsel for representative plaintiffs in FLSA collective actions) in wage and hour actions against hospitality employers in federal and state courts. *E.g.*, *Shahriar v. Smith & Wollensky Rest. Group*, 659 F.3d 234 (2d Cir. 2011); *Martinenko v. 212 Steakhouse Inc.*, No. 22 CV 518, 2023 U.S. Dist. LEXIS 73982 (S.D.N.Y. Apr. 27, 2023); *Lomeli v. Falkirk Mgmt. Corp.*, Index No. 1580-2016 (N.Y. Sup. Ct. Orange County Oct. 22, 2021); *Argudo v. Parea Grp. LLC*, No. 18 CV 0678, U.S. Dist. LEXIS 163249 at *17 (S.D.N.Y. Sept. 24, 2019); *Zivkovic v. Laura Christy LLC*, 329 F.R.D. 61 (S.D.N.Y. 2018); *Murphy v. Lajaunie*, No. 13 CV 6503, 2015 U.S. Dist. LEXIS 97531 (S.D.N.Y. July 24, 2015); *Megason v. Starjem Rest. Corp.*, No. 12 Civ. 1299, 2014 U.S. Dist. LEXIS 3910 (S.D.N.Y. Jan. 13, 2014); *Schear v. Food Scope Am, Inc.*, 297 F.R.D. 114 (S.D.N.Y. 2014); *Spicer v. Pier Sixty LLC*, 2012 U.S. Dist. LEXIS 137409 (S.D.N.Y. Sept. 14, 2012); *Ramirez v. Lovin' Oven Catering Suffolk, Inc*., 2012 U.S. Dist. LEXIS 25060 (S.D.N.Y. Feb. 24, 2012); *In re Milos Litig.*, No. 08 Civ. 6666, 2011 U.S. Dist. LEXIS 138473 (S.D.N.Y. Sept. 8, 2011); *Spicer v. Pier Sixty LLC*, 2010 U.S. Dist. LEXIS 76782 (S.D.N.Y. July 26, 2010); *Kato v. Masa NY*, Index No. 09-104578 (S. Ct., N.Y. County Jan. 28, 2010); *Delaney v. Geisha NYC, LLC*, 261 F.R.D. 55 (S.D.N.Y. 2009) (conditionally certifying FLSA collective action); *Agofonova v. Nobu Corp.*, No. 07 Civ. 6926 (S.D.N.Y. Feb. 6,

2009); *Williams v. Twenty Ones, Inc.*, No. 07-Civ-3978, 2008 WL 2690734 (S.D.N.Y. June 30, 2008); *Fasanelli v. Heartland Brewery, Inc.*, 516 F. Supp. 2d 317 (S.D.N.Y. Oct. 5, 2007).

45. Several of these cases have changed the landscape of wage and hour class and collective litigation in general, and such litigation in the food service industry specifically. *See*, *e.g.*, *Shahriar*, 659 F.3d 234 (affirming class certification and holding that in FLSA actions pursued on a collective basis under 29 U.S.C. § 216(b), courts may exercise supplemental jurisdiction over state law claims pursued on a class basis under Fed. R. Civ. P. 23); *Spicer*, 249 F.R.D. 321 (holding that the New York Court of Appeals' decision in *Samiento v. World Yacht Inc.*, 10 N.Y.3d 70 (2008), finding that mandatory charges can be gratuities applies retroactively and issuing first denial of a defendant's summary judgment motion on *World Yacht* claim).

46. As a result of these lawsuits, we have recovered over $100 million for thousands of workers. *E.g.*, *Gordon v. Bluetriton Brands, Inc.*, No. 616877/2022 (N.Y. Sup. Ct. Nassau County Oct. 24, 2023) (granting final approval of $8.4 million settlement); *Capsolas*, 2012 U.S. Dist. LEXIS 144651 (granting final approval of $5,250,000 settlement); *Spicer v. Pier Sixty LLC*, No. 08 Civ. 10240, 2012 U.S. Dist. LEXIS 137409 (S.D.N.Y. Sept. 14, 2012) (granting final approval of $8.5 million settlement); *Ramirez v. Lovin' Oven Catering Suffolk, Inc.*, No. 11 Civ. 0520, 2012 U.S. Dist. LEXIS 25060 (S.D.N.Y. Feb. 24, 2012) (granting final approval of $4,750,000 settlement); *Alderman v. 21 Club Inc.*, No. 09 Civ. 2418 (S.D.N.Y. Jan. 27, 2012) (granting final approval of $2,000,000 settlement); *In re Milos Litig.*, No. 08 Civ. 6666, 2011 U.S. Dist. LEXIS 138473 (S.D.N.Y. Sept. 8, 2011) (granting final approval of $1,975,000 settlement); *Braunstein v. Hudson Hall LLC*, No.

19 Civ. 7983 (S.D.N.Y. May 14, 2021) (approving $950,000 settlement); *Ahad v. BLT Steak LLC*, No. 08 Civ. 5528 (S.D.N.Y. Aug. 13, 2010) (approving $925,000 settlement); *Brinker v. Planet Hollywood N.Y., L.P.*, No. 08 Civ. 443, 2009 U.S. Dist. LEXIS 76613 (S.D.N.Y. Aug. 13, 2009) (granting final approval of $900,000 settlement); *Agofonova v. Nobu Corp.*, No. 07 Civ. 6926 (S.D.N.Y. Feb. 6, 2009) (granting final approval of $2,500,000 settlement).

47. JK's contemporaneous time records for this case are attached hereto as **Exhibit 4**. Below is a chart summarizing the specific attorneys, their hourly rates, and their total time worked on this matter, in addition to the total paralegal/administrative assistant time for time spent by JK on this matter. These rates have been approved by courts in this District. *E.g.*, *Martinenko v. 212 Steakhouse, Inc.*, 22 CV 518, 2024 U.S. Dist. LEXIS 231925, at *9-10 (S.D.N.Y. Dec. 23, 2024).

| **Individual** | **Rate** | **Total Hours** | **Total** |
|---|---|---|---|
| D. Maimon Kirschenbaum | $500 | 15 | $7,500 |
| Denise A. Schulman | $500 | 54.4 | $27,200 |
| Michael DiGiulio | $350 | 5.6 | $1,960 |
| Paralegals/administrative assistants | $125 | 16.7 | $2,087.50 |
| | **Total:** | **91.7** | **$38,747.50** |

48. We will expend more hours after the date of this motion in appearing at the Fairness Hearing and administering the settlement.

49. Class Counsel took this case pursuant to a retainer agreement with Plaintiff that stated Counsel would receive up to one-third of the recovery *only if* Plaintiff obtained a recovery.

50. The hours reported are reasonable for a case of this complexity and magnitude and were compiled from contemporaneous time records maintained by each attorney and paralegal participating in the case.

51. Class Counsel undertook to prosecute this action without an assurance of payment for their services, litigating this case on a wholly contingent basis in the face of substantial risk. Large-scale wage and hour cases of this type are, by their very nature, complicated and time-consuming.  Attorneys undertaking representation of large numbers of affected employees in wage and hour actions inevitably must be prepared to make a tremendous investment of time, energy, and resources.  Due also to the contingent nature of the customary fee arrangement, attorneys are asked to be prepared to make this investment with the very real possibility of an unsuccessful outcome and no fee of any kind.  Indeed, the facts and circumstances of this case presented numerous and substantial hurdles to a successful recovery of unpaid wages.  Class Counsel stood to gain nothing in the event the case was unsuccessful.

52. JK undertook the responsibility to fund the costs of this case and to litigate through trial if necessary, and possibly appeals if relevant.  Our activities included, but were not limited to, interviewing and remaining in regular contact with Plaintiff; reviewing documents produced by Defendants; preparing damage calculations; negotiating the settlement; drafting the settlement agreement; drafting motions for preliminary and final approval of the settlement; administering the settlement; and communicating with Class Members. After the fairness hearing, we will continue to oversee the administration of the settlement and respond to Class Member inquiries.

53. To date, Class Counsel have worked without compensation of any kind, and the fee has been wholly contingent upon the result achieved.

54. No Class Member has raised objections to the attorneys' fees as set forth in the Notice of Settlement.

55. Class Counsel incurred the following costs in litigating this case:

| Description of cost | Total costs |
|---|---|
| Filing fee | $405 |
| Service of process | $193.38 |
| Mediation | $7,500 |
| **Total:** | **$8,098.38** |

## ADDITIONAL EXHIBITS

56. Attached hereto as **Exhibit 5** is the parties' proposed final approval order.

57. Attached hereto as **Exhibit 6** is a true and correct copy of the transcript in *Lola v. Skadden, Arps, Meagher, Slate & Flom LLP*, No. 13 CV 5008 (RJS) (S.D.N.Y. Dec. 22, 2015)

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York  /s/ Denise A. Schulman
       June 11, 2025       Denise A. Schulman